UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER JOHN BRIGGS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br>　　　　　　Defendant. | Case No. 3:25-cv-05274<br><br>ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) |

This matter comes before the Court at the recommendation of Magistrate Judge Theresa L. Fricke in her Order Granting Application to Proceed In Forma Pauperis. Dkt. 4. On March 31, 2025, pro se Plaintiff Christoper John Briggs filed his complaint against Defendant Washington State Department of Social and Health Services ("DSHS") and moved for leave to proceed in forma pauperis ("IFP"). Dkt. 5. The Court referred the motion to Judge Fricke, who granted Mr. Briggs's application to proceed IFP but recommended review of the case under 28 U.S.C. § 1915(e)(2)(B) because "it does not appear Plaintiff has met the criteria for IFP required under 28 U.S.C. § 1915(e)(2)(b)." Dkt 4.

I.   **LEGAL STANDARD**

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the "privilege of pleading in forma

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 1

pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks omitted). Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that Section 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II.  REVIEW OF COMPLAINT

Mr. Briggs's complaint seeks monetary relief against a defendant who enjoys immunity from such a lawsuit. The Eleventh Amendment declares that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Longstanding Supreme Court precedent has interpreted this Amendment to immunize states from suit in federal court by citizens and noncitizens alike." *Kohn v. State Bar of California*, 87 F.4th 1021, 1025 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465 (2024) (citing cases). Eleventh Amendment immunity extends to state agencies, which cannot be sued for damages or injunctive relief in federal court. *See Savage v. Glendale Union*

*High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (citation omitted).

Mr. Briggs claims that his DSHS WASHCAP food assistance benefits were unlawfully reduced from $200 a month to $23 a month. Dkt. 5 at 5. He claims a "rights violation," and requests "more food stamps," specifically a restoration of his $200 a month benefit. *Id.* at 4–5. Mr. Briggs cannot sue DSHS for damages in federal court under the Eleventh Amendment. *See Savage*, 343 F.3d at 1040. Because Mr. Briggs "seeks monetary relief against a defendant who is immune from such relief," the Court is required to dismiss his IFP complaint unless he can cure its deficiencies. § 1915(e)(2)(B)(iii); *Lopez*, 203 F.3d at 1126–27; *Corinthian Colleges*, 655 F.3d at 995.

### III.   CONCLUSION

Mr. Briggs is directed to file a proposed amended complaint within 21 days of this Order that states a plausible claim for relief against a defendant who may be sued in federal court. Otherwise, the Court will dismiss his complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of April, 2025.

Tiffany M. Cartwright
United States District Judge