UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER JOHN BRIGGS, | Case No. 3:25-cv-05274 |
| Plaintiff, | ORDER DISMISSING IN FORMA PAUPERIS CASE |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Defendant. | |

## I.     ORDER

This matter comes before the Court at the recommendation of Magistrate Judge Theresa L. Fricke in her Order Granting Application to Proceed In Forma Pauperis. Dkt. 4. On March 31, 2025, pro se Plaintiff Christopher John Briggs filed his complaint against Defendant Washington State Department of Social and Health Services ("DSHS") and moved for leave to proceed in forma pauperis ("IFP"). Dkt. 5. The Court referred the motion to Judge Fricke, who granted Mr. Briggs's application to proceed IFP but recommended review of the case under 28 U.S.C. § 1915(e)(2)(B) because "it does not appear Plaintiff has met the criteria for IFP required under 28 U.S.C. § 1915(e)(2)(b)." Dkt. 4. Notwithstanding IFP status, the Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte

dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

The Court reviewed the complaint, finding that Mr. Briggs seeks monetary relief against a defendant, DSHS, that cannot be sued for damages in federal court under the Eleventh Amendment. Dkt. 6 at 3 (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 (9th Cir. 2003)). The Court directed Mr. Briggs to file a proposed amended complaint that states a plausible claim for relief against a defendant who may be sued in federal court. *Id.* Otherwise, the Court would dismiss Mr. Briggs's complaint without prejudice. *Id.* On May 5, Mr. Briggs filed a proposed amended complaint. Dkt. 7.

Mr. Briggs's amended complaint, like his initial complaint, "seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). The amended complaint is nearly identical to Mr. Briggs's initial complaint. *Compare* Dkt. 7, *with* Dkt. 5. In the amended complaint, Mr. Briggs names DSHS as the sole defendant. Dkt. 7 at 2. Next, he claims that his DSHS WASHCAP food assistance benefits were unlawfully reduced from $200 a month to $23 a month. *Id.* at 5. Finally, Mr. Briggs states that he "should be entitled to more food stamps at least $200.00." *Id.* As the Court stated in its prior order, Mr. Briggs cannot sue DSHS for damages in federal court under the Eleventh Amendment. Dkt. 6 at 3 (citing *Savage*, 343 F.3d at 1040). Because Mr. Briggs has not cured his initial complaint's deficiencies and "seeks monetary relief against a defendant who is immune from such relief," the Court is required to dismiss his IFP complaint. *See* § 1915(e)(2)(B)(iii); *Lopez*, 203 F.3d at 1126–27.

## II.    CONCLUSION

For the reasons stated, the Court DISMISSES this action without prejudice under 28 U.S.C. § 1915(e)(2)(B).

ORDER DISMISSING IN FORMA PAUPERIS CASE - 2

      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

      Dated this 29th day of May, 2025.

                                                  Tiffany M. Cartwright
                                                  United States District Judge